**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

SIEMENS AKTIENGESELLSCHAFT,

        *Plaintiff,*

  -against-                    16 Civ. _____

SUNFROG, LLC,

        *Defendant.*

---

**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES
FOR TRADEMARK INFRINGEMENT (15 U.S.C. § 1114),
FOR FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a)),
FOR DILUTION OF AND INJURY TO BUSINESS REPUTATION
(15 U.S.C. § 1125(c), N.Y.S. GENERAL BUSINESS LAW § 360-1),
FOR *PRIMA FACIE* TORT, AND FOR COMMON LAW UNFAIR COMPETITION**

The plaintiff Siemens Aktiengesellschaft ("Siemens AG"), by its attorneys, Abelman, Frayne & Schwab, for its complaint against the defendant Sunfrog, LLC ("Sunfrog"), alleges as follows:

**THE PARTIES**

1. The plaintiff Siemens AG is a corporation organized under the laws of the Federal Republic of Germany.

2. Siemens AG is the owner of the famous and distinctive "SIEMENS" trademark.

3. Upon information and belief, the defendant Sunfrog is and was at all relevant times a limited liability company organized under the laws of the State of Michigan with a business office at 1782 O'Rourke Blvd, Gaylord, Michigan 49735.

4. On its website, "Sunfrog.com", Sunfrog has offered for sale and, upon information and belief, has sold sweatshirts and T-shirts bearing the SIEMENS trademark in interstate commerce and within the Southern District of New York.

## JURISDICTION AND VENUE

5. This is an action seeking injunctive relief and damages for trademark infringement in violation of the Trademark Act of the United States, more particularly 15 U.S.C. § 1114(1), for false designation of origin in violation of the Trademark Act of the United States, more particularly 15 U.S.C. § 1125(a), for the dilution of and injury to Siemens AG's famous and distinctive SIEMENS trademark in violation of the Trademark Act of the United States, more particularly 15 U.S.C. § 1125(c)), for unfair competition causing injury to Siemens AG's business and business reputation and the dilution of the distinctive quality of its unique and distinctive SIEMENS trademark in violation of § 360-1 of the New York State Business Law, for *prima facie tort*, and for related pendent acts of unfair competition in violation the common law.

6. This Court has jurisdiction over the plaintiff's claims pursuant to 15 U.S.C. § 1121 (Lanham Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338 (patent, trademark and copyright), and pursuant to 28 U.S.C. § 1367 (supplemental jurisdiction).

7. This Court has jurisdiction over the defendant Sunfrog because it has committed and threatens to commit trademark infringement, trademark dilution, misappropriation, unfair competition and other torts in this district, and because it has caused injury to the plaintiff and its property in this district.

8. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §§ 1391(b) and (c).

## FACTS COMMON TO ALL CAUSES OF ACTION

9. By this action the plaintiff Siemens AG seeks to enjoin the defendant Sunfrog, and those acting in concert with it, from deliberately attempting to confuse the public concerning the source, origin, and/or sponsorship of garments sold on its website, and from trading upon, diluting, tarnishing, and injuring Siemens AG's famous and distinctive SIEMENS trademark and the associated business reputation and good will.

10. Siemens AG further seeks an award of damages arising from the defendant Sunfrog's unlawful conduct.

11. Siemens AG, which is headquartered in Germany, provides products used in the electronics, telecommunications, financial, medical devices, transportation, and other industries around the world.

12. Over 150 years of innovation has made Siemens AG a large multinational business with over 300,000 employees and 289 major production and manufacturing plants worldwide.

13. Siemens AG employs approximately 50,000 people throughout all of the fifty United States and Puerto Rico.

14. Siemens AG has expended substantial sums on promotion and advertising in order to establish and maintain the public's awareness and recognition of its SIEMENS trademark and to develop an association in the public's mind between the mark and its products and services.

15. Long before the acts of the defendant Sunfrog complained of herein, as the result of the Siemen AG's promotion and sale of services and products identified by its SIEMENS trademark, the trademark has acquired a valuable reputation and is now known by consumers and the general public as indicating that products and services identified by the SIEMENS trademark originate from and are associated only with plaintiff Siemens AG.

16. Siemens AG is the owner of all rights to numerous Federal registrations for the SIEMENS trademark, including Registration Nos. 2,392,496, 2,508,299, 3,022,523, 3,019,178, 3,635,384, 3,635,385, 3,746,880, 3,867,508, and 4,277,830.

COMPLAINT

17. These registrations constitute *prima facie* evidence of the validity of the SIEMENS trademark and of the plaintiff's exclusive right to use it in commerce.

18. On its website, www.sunfrog.com, the defendant Sunfrog has offered and sold garments in the United States and, upon information and belief, in the Southern District of New York, bearing the infringing designation "Siemens".

19. The defendant Sunfrog has been contacted by legal counsel for plaintiff and has refused to discontinue its offering and sale of garments bearing the SIEMENS trademark.

**AS AND FOR A FIRST CLAIM SEEKING
INJUNCTIVE AND MONETARY RELIEF FOR
<u>TRADEMARK INFRINGEMENT (15 U.S.C § 1114)</u>**

20. The plaintiff realleges paragraphs 1 through 19 as if fully set forth herein.

21. The defendant Sunfrog's offering of garments bearing the infringing designation "Siemens" is without the permission, consent, or authorization of the plaintiff Siemens AG, constitutes trademark infringement, and gives rise to a likelihood of confusion, deception, and mistake among the public.

22. Upon information and belief, the defendant Sunfrog used the designation "Siemens" with the willful purpose and intent of misleading the public and trading upon the good will

and reputation associated with Siemens AG's registered SIEMENS trademark.

23. These acts violate the Trademark Act of the United States and constitute infringement of the plaintiff's registered SIEMENS trademark in violation of 15 U.S.C. § 1114, *et seq.*

24. On account of the defendant Sunfrog's activities, the public is likely to be confused, misled or deceived as to the source, origin or sponsorship of its products, and the plaintiff has suffered irreparable injury, including injury to its reputation and good will for which it has no adequate remedy at law.

25. On account of the defendant Sunfrog's activities in this State, County, and Southern District of New York, and in interstate commerce, the plaintiff has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

### AS AND FOR A SECOND CLAIM SEEKING INJUNCTIVE AND MONETARY RELIEF FOR FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a)

26. The plaintiff realleges paragraphs 1 through 25 as if fully set forth herein.

27. The defendant Sunfrog's use of the "Siemens" designation constitutes the offering of products bearing, and the use of false and misleading descriptions and representations

of fact in interstate commerce, and violates the Trademark Act of the United States.

28. By reason of the foregoing, the public is likely to be confused, misled, or deceived, and Siemens AG is now and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

29. Upon information and belief, the defendant Sunfrog used the "Siemens" designation with knowledge that it was false, misleading, and deceptive, and with the intent to unfairly compete with Siemens AG.

30. On account of the activities of the defendant Sunfrog in this State, County, and Southern District of New York, and in interstate commerce, the plaintiff has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

**AS AND FOR A THIRD CLAIM SEEKING INJUNCTIVE AND MONETARY RELIEF FOR DILUTION OF AND INJURY TO THE SIEMENS TRADEMARK (15 U.S.C § 1125(c))**

31. The plaintiff realleges paragraphs 1 through 30 as if fully set forth herein.

32. Sunfrog's offer to sell and sale of garments bearing the "Siemens" designation is without the permission, consent or authorization of Siemens AG and has and is diluting, blurring and tarnishing the reputation of Siemens AG's unique, publicly

recognized, distinctive and famous SIEMENS trademark, thereby diminishing its value.

33. Upon information and belief, the offer to sell and sale of garments bearing the "Siemens" designation by Sunfrog was intended to appropriate and trade upon the good will and reputation associated with Siemens AG's trademark, and was undertaken in bad faith and in reckless disregard of the potential damage and injury to Siemens AG and its trademark.

34. By reason of the foregoing, Sunfrog has engaged in, and is continuing to engage in acts which are injuring the plaintiff's business and business reputation, and are diluting and blurring the distinctive quality of its famous and distinctive trademark in violation of 15 U.S.C. § 1125(c).

35. By reason of the foregoing, Siemens AG is now and will continue to suffer irreparable injury, including injury to its reputation and dilution and blurring of the distinctive quality of its famous trademark, for which Siemens AG has no adequate remedy at law.

36. On account of the activities of Sunfrog in this State, County and Southern District of New York, and in interstate commerce, including the appropriation and copying of Siemens AG's trademark, Siemens AG has been damaged in an amount not yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

**AS AND FOR A FOURTH CLAIM SEEKING INJUNCTIVE AND MONETARY RELIEF FOR DILUTION OF AND INJURY TO BUSINESS REPUTATION IN VIOLATION OF N.Y. GEN. BUS. LAW § 360-1**

37. The plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

38. This cause of action arises under the New York State General Business Law, more particularly N.Y. Gen. Bus. Law § 360-1.

39. Sunfrog's conduct is without the permission, consent or authorization of Siemens AG and has and is blurring and tarnishing the reputation of Siemens AG's unique, publicly recognized, distinctive and famous SIEMENS trademark, thereby diminishing its value.

40. Upon information and belief, the offer to sell and sale of garments bearing the "Siemens" designation by Sunfrog was intended to appropriate and trade upon the good will and reputation associated with Siemens AG's trademark and was undertaken in bad faith and in reckless disregard of the potential damage and injury to Siemens AG and its trademark.

41. By reason of the foregoing, Sunfrog has engaged in, and is continuing to engage in acts which are injuring Siemens AG's business and business reputation, and is diluting and blurring the distinctive quality of its SIEMENS trademark in violation of the New York State General Business Law.

42. By reason of the foregoing, Siemens AG is now and will continue to suffer irreparable injury, including injury to its reputation and dilution and blurring of the distinctive quality of its SIEMENS trademark, for which Siemens AG has no adequate remedy at law.

43. On account of the activities of Sunfrog in this State, County andSouthern District of New York, and in interstate commerce, including the appropriation and copying of the SIEMENS trademark, Siemens AG has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

### AS AND FOR A FIFTH CLAIM SEEKING INJUNCTIVE AND MONETARY RELIEF FOR *PRIMA FACIE* TORT

44. The plaintiff realleges paragraphs 1 through 43 as if fully set forth herein.

45. This cause of action arises under the common law.

46. Sunfrog's offer to sell and sale of garments bearing the "Siemens" designation is part of a deliberate plan or scheme intended to trade upon the fame and good will associated with the SIEMENS trademark, and was undertaken in reckless disregard of the potential damage and injury to the plaintiff.

47. By reason of the foregoing, Sunfrog has engaged and is continuing to engage in acts which constitute a *prima facie* tort in violation of the common law.

48. By reason of the foregoing, the plaintiff is now and will continue to suffer irreparable injury for which it has no adequate remedy at law.

49. On account of the aforementioned activities of Sunfrog in this State, County and Southern District of New York, and in interstate commerce, the plaintiff has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000).

### AS AND FOR A SIXTH CLAIM SEEKING INJUNCTIVE AND MONETARY RELIEF FOR UNFAIR COMPETITION IN VIOLATION OF THE COMMON LAW

50. The plaintiff realleges paragraphs 1 through 49 as if fully set forth herein.

51. This cause of action arises under the common law.

52. The defendant Sunfrog's use of the "SIEMENS" designation is misleading, is confusing the public, and creates a likelihood of injury to Siemens AG's public image and reputation.

53. Upon information and belief, as a result of the defendant Sunfrog's use of the "Siemens" designation the public is likely to falsely associate the attributes and characteristics of Siemens AG's products to those of Sunfrog.

54. By reason of the foregoing, the defendant Sunfrog has engaged and is continuing to engage in acts of unfair competition in violation of the common law.

55. Upon information and belief, the defendant Sunfrog is using the "Siemens" designation with knowledge that it is misleading and with the intent to confuse, mislead, and deceive consumers, and to unfairly compete with Siemens AG.

56. By reason of the foregoing, Siemens AG is now and will continue to suffer irreparable injury, including injury to its good will and reputation for which it has no adequate remedy at law.

57. On account of the activities of the defendant Sunfrog in this State, County, and Southern District of New York, and in interstate commerce, the plaintiff has been damaged in an amount not as yet ascertained, but believed to be in excess of one million dollars ($1,000,000.00).

**WHEREFORE**, Siemens AG demands judgment:

1. preliminarily and permanently enjoining and restraining the defendant Sunfrog, its agents, servants, employees, successors and assigns, and all those acting in concert or participation with it, from:

    a. manufacturing, having manufactured, producing, having produced, distributing, circulating, selling, offering for sale, advertising, promoting, using or displaying garments, or any other product or service using any designations confusingly similar to Siemens AG's SIEMENS trademark;

COMPLAINT

   b. making any statement or representation whatsoever, or using any false or misleading descriptions or representations of fact in connection with the manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use, or display of garments or any other products or services using any marks confusingly similar to Siemens AG's SIEMENS trademark; and

   c. engaging in any other activity constituting infringement of Siemens AG's SIEMENS trademark, or unfair competition with Siemens AG;

  2. directing that the defendant Sunfrog, at its own expense, recall all of its product and marketing, promotional, and advertising material which bears or incorporates the "SIEMENS" designation, or any designations confusingly similar to Siemens AG's SIEMENS trademark, which have been manufactured, distributed, sold or shipped by it;

  3. directing that the defendant Sunfrog deliver to Siemens AG's attorneys or representatives for destruction all products, labels, signs, prints, packages, molds, plates, dies, wrappers, receptacles, and advertisements in its possession or under its control bearing the "Siemens" designation, or any designations confusingly similar to Siemens AG's SIEMENS trademark, and all plates, molds, matrices and any other means of making the same;

4. directing that the defendant Sunfrog file with the Court and serve on the Siemens AG's counsel a report in writing and under oath setting forth in detail the manner in which it has complied with any temporary restraining order, or preliminary or permanent injunction entered herein within thirty (30) days of receipt of service of any such order or injunction;

5. directing such other relief as the Court may deem appropriate to prevent the public from being misled or deceived;

6. awarding Siemens AG its damages caused by the defendant Sunfrog's manufacture, production, distribution, circulation, sale, offering for sale, advertising, promotion, use or display of garments or any other product or services bearing the "SIEMENS" designation, or any designations confusingly similar to Siemens AG's SIEMENS trademark, and Sunfrog's total profit realized thereby, and that such award be trebled pursuant to 15 U.S.C. § 1114, *et seq.*;

7. for an assessment of costs, interest, and attorneys' fees incurred by Siemens AG; and

8. for such other and further relief as the Court deems just.

Dated: October 28, 2016
    New York, NY

**ABELMAN FRAYNE & SCHWAB**

*/s/ Michael Aschen*
_____
Lawrence E. Abelman (LA 6486)
Michael Aschen (MA 6336)
666 Third Avenue
New York, NY 10017

14

COMPLAINT

```
                              Tel. (212) 949-9022
                              Fax. (212) 949-9190
                              leabelman@lawabel.com
                              maschen@lawabel.com
```

*Counsel for the Plaintiff*